UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER GILES,

        Petitioner,

                                                  Case Number 13-10876

v.                                              Honorable David M. Lawson

JEFFREY WOODS,

        Respondent.

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE PETITION FOR WRIT OF
HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE**

On March 4, 2013, the petitioner, Sylvester Giles, presently confined at Chippewa

Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus

under 28 U.S.C. § 2254. On January 7, 2015, he filed a motion to stay and hold the petition in

abeyance, so that he might return to state court to exhaust additional claims. The respondent has not

filed any response to the petitioner's motion to stay, and the time for doing so has passed. The Court

finds that the request is lawful and will grant the motion.

I.

The petitioner was convicted of possession with intent to distribute cocaine, Mich. Comp.

Laws § 333.7401, two counts of possession of a firearm during the commission of a felony, Mich.

Comp. Laws § 750.227b, and being a felon in possession of a firearm, Mich. Comp. Laws §

750.224f, following a jury trial in the Oakland County, Michigan circuit court. On February 18,

2012, he was sentenced to prison terms totaling 9 to 40 years. The Michigan Court of Appeals

affirmed the petitioner's conviction, *People v. Giles*, No. 302839 (Mich. Ct. App. May 29, 2012),

and on September 24, 2012, the Michigan Supreme Court denied the petitioner's application for

leave to appeal, *People v. Giles*, 493 Mich. 857, 820 N.W.2d 788 (2012).

The petitioner filed his petition on March 4, 2013 challenging his conviction on the grounds that: (1) his confession was obtained in violation of his Fifth Amendment rights to remain silent and to have the advice of counsel; (2) his Sixth Amendment right to the effective assistance of counsel at trial was violated by counsel's failure to move for a severance or separate juries; (3) the evidence was insufficient to support his conviction for possession with intent to distribute cocaine; (4) his right to call witnesses and present evidence was "undermined by defense counsel"; (5) the prosecutor improperly vouched for the credibility of the state's witnesses during closing arguments; (6) his conviction for possession of a firearm during the commission of a felony "contradict[s] the underlying intent of the criminal statute"; (7) defense counsel undermined the credibility of the defense by "mak[ing] promises [that were] unfulfilled at trial"; and (8) defense counsel rendered ineffective assistance at trial when he failed to request certain jury instructions.  The petitioner alleges that he exhausted his state court remedies on his first two claims in the course of his direct appeal, but that his other claims were not presented to the state courts due to the ineffective assistance of his appellate counsel.  The petition does not indicate that the petitioner pursued any post-conviction remedies in state court other than his direct appeal.  He now asks that the Court hold his petition in abeyance so that he can return to state court to exhaust further claims based on "newly discovered evidence" that, years after he was convicted, the police officers involved in his case were fired for numerous instances of perjury and falsification of search warrant affidavits, and that the prosecution had information about the officers' transgressions before he was tried and convicted, but failed to turn over that information to the defendant or his attorney.

## II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "' fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* does not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations

period tolled for [a habeas] petition as a matter of equity." *Id*. at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *See Griffin v. Rogers*, 308 F.3d 647, 652 & 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (finding it "eminently reasonable" to dismiss unexhausted claims in a habeas petition and stay proceedings on the remaining claims pending exhaustion of state court remedies). The court of appeals recently reiterated this point:

> "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics . . . the district court should stay, rather than dismiss, the mixed petition." [*Rhines v. Weber*, 544 U.S.] at 278, 125 S. Ct. 1528. This is because "[i]n such circumstance, . . . the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*.; *see also Wagner*, 581 F.3d at 419 (considering a mixed habeas petition and "not[ing] that Petitioner's claims, particularly the unexhausted claims, are not 'plainly meritless,'" so "assuming Petitioner can show good cause for failing to present these claims to the state court in the first instance, we see no reason why the district court should not grant a 'stay and abeyance' while Petitioner exhausts in state court, should Petitioner opt against dismissing his unexhausted claims." (citation and footnotes omitted)).

*Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).

The Michigan Court Rules provide a process by which the petitioner may raise his

-4-

unexhausted claims.  The petitioner may file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim.  The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court.  To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence.  *See* Mich. Ct. R. 6.508(D)(3).  However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust.  *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & 1196 n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The petitioner admits that he has failed to comply with the exhaustion requirement as to some of his claims.  Although he alleges that he exhausted his state court remedies for the first two claims (Fifth Amendment violations and ineffective assistance of trial counsel), he concedes that his other six claims, and the new claims — relating to recently discovered evidence of misconduct by the police and prosecutor in his case  — were not exhausted.  Therefore, the habeas petition is a "mixed" petition of two exhausted claims and six unexhausted claims, to which the petitioner proposes to add one or more new, unexhausted claims.

The Court has the authority to dismiss a "mixed" petition containing exhausted and unexhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).  However, the dismissal of the petition in this case, even without prejudice, may preclude future consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

The Michigan Supreme Court denied the petitioner's application for leave to appeal on September 24, 2012. The petitioner's conviction became final ninety days later on December 23, 2012, when the time during which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced on the following day, December 24, 2012. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the present petition 70 days later, on March 4, 2013. He has not yet filed any motion for relief from judgment as to his unexhausted claims in the state trial court. Once the state trial court resolves any prospective motion that he may file, the petitioner has 21 days from the date of the state trial court's decision to appeal the trial court's ruling. Mich. Ct. R. 6.509(A), 7.205(A)(1). If the Court does not toll the limitations period during the pendency of the state court proceedings, then the limitations period likely will have expired and any subsequent habeas petition filed by him would be untimely, by the time that the state courts resolve any appeal from the trial court's denial of his motion for relief from judgment. The respondent has not opposed the petitioner's request for a stay of proceedings.

The Court, therefore, will grant the petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his additional claims. Two of the claims that the petitioner raises in his petition have been exhausted, but six others raised in the original petition, and the new claims that the petitioner describes in his motion to stay have not. The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009), and he may assert that he did not previously raise these claims in the state courts due to the alleged ineffective

assistance of his appellate counsel. *Id.*, at 419, n.4 & 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, this Court will impose upon the petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner must ask this Court to lift the stay within twenty-eight days of exhausting his state court remedies.

### III.

Accordingly, it is **ORDERED** that the petitioner's motion to hold the petition in abeyance [dkt. #8] is **GRANTED**.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **fifty-six (56) days** thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

<p style="text-align:right">s/David M. Lawson</p>
<p style="text-align:right">DAVID M. LAWSON</p>
<p style="text-align:right">United States District Judge</p>

Dated:  January 23, 2015

<div style="border:1px solid; text-align:center">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 23, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI

</div>

-8-